BILLINGS PALMER, Administrator, *vs.* AUSTIN W. KELLOGG.

Under the provision of *St.* 1857, *c.* 305, § 1, that " where an executor or administrator is a
party to the suit, the other party shall not be admitted to testify in his own favor, except
as to such acts and contracts as have been done or made since the probate of the will or
the appointment of the administrator," the defendant in an action brought by an admin-
istrator *de bonis non* may testify as to acts done or contracts made before the plaintiff's
appointment, though after the appointment of the original administrator.

ACTION OF TORT against a deputy sheriff for taking insuffi-
cient bail in an action brought by Robert F. Barnard, as admin-
istrator of Stephen Stevens, against Ensign C. Stevens and
another.   Barnard died, and Palmer was appointed administra-
tor *de bonis non*, and prosecuted that action to judgment, upon
which execution was issued, and returned unsatisfied for want
of property, and *non est inventus* as to the body.   *Scire facias*
was then brought by Palmer against the bail, and returned un-
satisfied, the bail being utterly insolvent.

This action was afterwards brought, and upon the trial in
this court, before *Dewey*, J., the defendant was permitted to tes-
tify that the attorney for Barnard in the former action assented
to the sufficiency of the bail.   The plaintiff objected that the
defendant was an incompetent witness except as to facts which
had happened since the appointment of Palmer, the present
administrator ; but the court overruled the objection.   The jury
returned a verdict for the defendant, and the case was reported
to the full court.

*M. Wilcox*, for the plaintiff.

*J. D. Colt*, for the defendant.   The policy of the *St.* of 1857,
*c.* 305, is to make parties in all civil proceedings competent
witnesses, with certain exceptions, the last of which is thus :
" Where one of the original parties to the contract or cause of
action then in issue and on trial is dead, or is shown to the
court to be insane, or when an executor or administrator is a
party to the suit or proceeding, the other party shall not be
admitted to testify in his own favor, except in the last named
case as to such acts and contracts as have been done or made

Palmer, Administrator, *v.* Kellogg.

since the probate of the will or the appointment of the administrator." This exception contains two classes : first, where, without the coming in of any executor or administrator, the action goes on after the death of one party in the name of the surviving plaintiff or an heir ; second, where an executor or administrator is a party, in which case the defendant may testify to any act or contract " since the probate of the will or the appointment of the administrator "—words which, by their connection with the words " probate of the will," strongly imply " since the appointment of any administrator " ; that is to say, to testify to anything which has occurred since the death of the original party in interest. If the first administrator were alive, he could testify, and the fact that he is dead cannot change the construction of the statute.

BY THE COURT. The plaintiff relies on the exception in the *St.* of 1857, *c.* 305, enabling parties to civil actions to be witnesses therein, " that when an executor or administrator is a party to the suit, the other party shall not be admitted to testify in his own favor." The defendant relies on the exception to this exception, namely, " except as to such acts or contracts as have been done or made since the probate of the will or the appointment of the administrator." In this case an administrator *de bonis non* is a party to the suit. The defendant offers himself to testify and does testify to facts which took place before the appointment of the administrator who is a party to the suit. This fails to bring it within the exception to the exception, and the testimony should therefore have been rejected. It is said that this is not within the reason of the statute ; that " the administrator " means any administrator, and that as the acts testified to took place after the appointment of the original administrator, the testimony was rightly admitted. But we are of opinion that " the administrator " must mean the administrator who is prosecuting the suit ; and supposing there is a privity between him and the original administrator, still this testimony was not admissible under the statute.

*New trial ordered.*